IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FARMERS AUTOMOBILE INSURANCE ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 08-0565-CV-W-ODS ) |
| ANNA M. DONAHUE, | ) ) |
| Defendant. | ) ) |

ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

Pending is Defendant's Motion to Dismiss. For the following reasons, the motion (Doc. # 9) is granted.

I. BACKGROUND

Plaintiff is an insurance company, and it supplied Herbert L. Coats, Sr. with an automobile liability insurance policy. During the period of coverage, Coats was involved in an accident in which his car allegedly hit a motorcycle. The motorcycle was operated by Rick Cockrum; the defendant in this case, Anna Donahue, was a passenger on the motorcycle.

Conversations eventually ensued between Donahue's attorney and representatives of Coats' insurance company (the Plaintiff herein). The parties do not agree whether a settlement was reached and executed whereby Donahue agreed to compromise her claims against Coats for the policy limits. Having taken the position that a settlement was not reached, Donahue filed suit against both Coats and Cockrum's estate[1] in state court. While not a party to the state court action, Plaintiff

---

[1] Cockrum died from the injuries sustained in the accident, and his estate settled with Plaintiff.

represents its insured (Coats), and in that capacity briefed and filed a motion to dismiss Donahue's claim, alleging it had been settled. The motion was denied by the state court. Approximately seven months after the state action was filed, Plaintiff initiated this suit seeking a declaration that it had settled Donahue's claims against Coats.

## II. DISCUSSION

### A. Proper Parties & Standing

In settling (or not settling) Donahue's claims against Coats, Plaintiff was acting for Coats. Donahue had (and has) no claim against Plaintiff, so to describe the alleged settlement as addressing claims between Plaintiff and Donahue is incorrect. Moreover, a settlement is a contract, and people/entities who are not parties to (or third-party beneficiaries of) the contract lack a justiciable interest sufficient to bring an action based on that contract. E.g., Verni v. Cleveland Chiropractic Coll., 212 S.W.3d 150, 153 (Mo. 2007) (en banc); HSBC Auto Fin., Inc. v. Lyles, 240 S.W.3d 736, 738 (Mo. Ct. App. 2007).[2] While the Court cannot find a Missouri case directly discussing the point,[3] other jurisdictions have relied on this general principle to hold strangers to a settlement cannot seek to enforce the agreement. E.g., Gallagher v. Dupont, 918 So. 2d 342, 347 (Fla. Ct. App. 2005); Town of Kearny v. New Jersey Rail Carriers, LLC, 2005 WL 2363101, *3 (N.J. Super. Ct. App. Div. 2005); Save the Lake v. Hillsboro, 815 N.E.2d 706, 709 (Ohio Ct. App. 2004).

---

[2]Plaintiff does not suggest that it is a third-party beneficiary, and the Court's independent analysis confirms that it is not. A third-party beneficiary must demonstrate "the terms of the contract . . . clearly express intent to benefit that party or an identifiable class of which the party is a member." Nitro Distributing, Inc. v. Dunn, 194 S.W.3d 339, 345 (Mo. 2006) (en banc).

[3]The paucity of case law may be attributed to the fact that strangers to settlement agreements – including insurance companies – rarely endeavor to enforce them.

2

Even if Plaintiff had a justiciable interest in the settlement, the Court would conclude Plaintiff lacks standing as required by Article III of the Constitution. The "irreducible constitutional minimum" required by Article III consists of an injury in fact that is fairly traceable to the defendant's conduct and that can be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The injury must be "concrete and particularized" and "actual or imminent, not 'conjectural' or hypothetical.'" Id. at 560 (quoting Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)). Plaintiff's alleged injury can be summarized as follows: if the state courts ultimately determine the settlement between Coats and Donahue is unenforceable, and if Donahue ultimately prevails in the tort suit and obtains a judgment against Coats that exceeds the policy's limits, then Plaintiff may be liable for the amounts of the judgment exceeding those limits. This is not an actual or imminent injury; it is a conjectural fear of the possibility of injury that depends on the following contingencies:

1. The state courts' final determination is that the settlement is not enforceable,
2. Donahue prevails on her claims against Coats,
3. Coats' liability exceeds the policy's limits,
4. Coats successfully demonstrates Plaintiff refused to settle the claim and, in so doing, acted in bad faith. See Bonner v. Automobile Club Inter-Ins. Exchange, 899 S.W.2d 925, 928 (Mo. Ct. App. 1995).

These contingencies are significant and preclude a finding that Plaintiff's injury is imminent. In particular, the Court observes that the state trial court has not issued a final judgment on the enforceability of the settlement (nor, obviously, has there been an appeal of any such determination). All the state court has done is decline to dismiss the case as a matter of law based on the alleged settlement. Coats has undoubtedly asserted the settlement as an affirmative defense, Jenkins v. Simmons, 472 S.W.2d 417, 420 (Mo. 1971); Ingram v. Rinehart, 108 S.W.3d 783, 789-90 (Mo. Ct. App. 2003); Mo. R. Civ. P. 55.08; and the trial court's refusal to dismiss the case based on the

settlement at an early stage of the proceeding should not prevent Coats from presenting the issue to the jury.[4]

The uncertainty over the ultimate outcome of Donahue's claims would alone be sufficient to conclude Plaintiff's alleged injury is not imminent. Considering this fact, along with the other contingencies listed above, the Court concludes Plaintiff lacks standing to assert its claim.

### B. Rule 19

The Court also concludes the case must be dismissed because Plaintiff has failed to include a necessary and indispensable party by not including Coats as a Defendant. Rule 19 requires a party to be joined if a decision in this suit could, "as a practical matter impair or impede the person's ability to protect the interest." Rule 19(a)(1)(B)(i). Plaintiff's explanation as to why Coats is not a necessary and indispensable party does not make sense, particularly when one considers the relief Plaintiff seeks. The injury Plaintiff seeks to redress is potential liability to Coats. Redressing this injury requires a declaration establishing that a settlement existed. This proceeding affects Coats' rights, and he therefore must be a party to this suit. Including Coats as a defendant would deprive the Court of jurisdiction (because Plaintiff and Coats are both citizens of Illinois), and the case cannot proceed with him. On the other hand, including Coats as a plaintiff would highlight the identity of parties and, in turn, the abstention issues discussed later in this Order. Finally, including Coats is necessary to protect Donahue. See Rule 19(a)(1)(B)(ii). If the proceeding in this case does not bind Coates, Donahue faces the prospect of having one court declare there is no settlement

---

[4]In making these statements, the Court is not intending to dictate any particular course of action to the state court. The undersigned is merely "filling in the blanks" based on the pieces of information supplied by the parties. What the Court has set forth is merely a prediction based on its understanding of the underlying proceedings and the content of Missouri law.

4

and having another declare there is. If this action is not binding on Coats in some manner, Coats effectively receives two opportunities to litigate the same issue.

## C. Abstention

Even if the Court had jurisdiction over the matter, it would abstain from deciding the case. Plaintiff contends this issue is not governed by Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942) – the abstention rule usually applied in declaratory judgment cases – because it seeks injunctive relief in addition to declaratory relief. The Court of Appeals has held to the contrary. Royal Indemnity Co. v. Apex Oil Co., 511 F.3d 788, 793-96 (8th Cir. 2008). The injunctive relief Plaintiff seeks is ancillary to its primary objective: a declaration that a settlement agreement exists. Consistent with Royal Indemnity, the Court will apply the abstention principles applicable to declaratory judgment actions.[5]

A court may abstain in a declaratory judgment action if a state court proceeding presents the same issues, involves the same parties, and the state court action can satisfactorily adjudicate the issue. Id. at 796. "'Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where'" a parallel state court proceeding is pending." Royal Indemnity, 511 F.3d at 793 (quoting Brillhart, 316 U.S. at 495). Other considerations include the potential interference with state court proceedings and whether state or federal law will govern. All of these factors auger in favor of abstention: the precise issue is currently being litigated in the state forum, the issue is one of state law, and allowing Plaintiff to proceed in the manner it has chosen will result in piecemeal litigation and present a serious risk of inconsistent results.

Plaintiff insists the action is not parallel because it is not a party to the case between Coats and Donahue. In advancing this argument, Plaintiff employs an overly

---

[5]Although the analysis is not set forth in this Order, the Court believes abstention based on exceptional circumstances would also be appropriate under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).

5

strict interpretation of the requirement of identity of parties. Plaintiff and Coats have allied interests and are in privity with one another (at least to the point of the policy's limits and with respect to the purported settlement's validity). This is enough to render the state court proceeding parallel, at least as to the issue regarding the viability of the alleged settlement. Cf. IFC Interconsult, AG v. Safeguard Intern. Partners, LLC, 438 F.3d 298, 306 (3d Cir. 2006) (stating, in part, that "[w]e have never required complete identity of parties for abstention."); Clark v. Lacy, 376 F.3d 682, 686 (7th Cir. 2004) (requiring "*substantially* the same – not completely identical" parties (emphasis in original)); Ambrosia Coal & Const. Co. v. Pages Morales, 368 F.3d 1320, 1329-30 (11th Cir. 2004).

Typically, abstention on these grounds would result in a stay of the federal proceedings to insure the issue is actually litigated in the state court and to avoid the risk of a time-bar. Royal Indemnity, 511 F.3d at 797-98. These risks are not present here. The issue has been litigated, is being litigated, and undoubtedly will continue to be litigated in the state court. There is no risk of a time bar because Plaintiff's injury – and it's "need" to raise this issue – will not exist until (1) a final judgment is entered against Coats and (2) Coats seeks indemnity from Plaintiff in an amount greater than the policy limits. The limitation period has not even begun, and it cannot begin until the state court proceedings are completed – therefore, the limitation period cannot expire while the state suit is pending.

### III. CONCLUSION

These reasons provide ample independent justifications to dismiss the case. Donahue's motion is granted and the case is dismissed without prejudice to presentation of this issue in the state court proceeding.[6]

---

[6]The Court's ruling makes it unnecessary to consider other possible impediments to Plaintiff's effort, some of which were identified by Donahue. These issues include: insufficient amount in controversy, ripeness, and the possible preclusive effect of any state court determinations.

6

IT IS SO ORDERED.

                                                /s/ Ortrie D. Smith
                                                ORTRIE D. SMITH, JUDGE
DATE: September 26, 2008          UNITED STATES DISTRICT COURT